# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

WORCESTER ss.                                              SUPERIOR COURT
                                                           CIVIL ACTION NO. 2185CV00719

                                           )
BAY STATE HERITAGE LLC d/b/a               )
GREENDALE FURNITURE,                       )
      Plaintiff,                           )
                                           )
                                           )   **FIRST AMENDED COMPLAINT**
v.                                         )   **AND JURY CLAIM**
                                           )
                                           )
AMGUARD INSURANCE COMPANY,                 )
      Defendant.                           )
                                           )

### I.     PARTIES

1.     Plaintiff, Bay State Heritage LLC d/b/a Greendale Furniture ("Bay State"), is a limited liability company duly organized under, and existing pursuant to, the laws of the Commonwealth of Massachusetts with a usual place of business located at 25 Watertower Place a/k/a Unit 1 at Watertower Plaza, City of Leominster, County of Worcester, Commonwealth of Massachusetts (the "Property").

2.     Defendant, AmGuard Insurance Company ("AmGuard"), is a property and casualty insurance company authorized to conduct business in the Commonwealth of Massachusetts with a usual place of business located at 39 Public Square, City of Wilkes Barre, County of Luzerne, Commonwealth of Pennsylvania.

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL. (781) 246-2525

{00423615.1 }

## II. FACTS

### A. The Property

3. At all times material hereto, Bay State operated a retail store selling furniture, mattresses, rugs, decor and additional items typically found in a furniture warehouse store (the "Business Personal Property") at the Property.

4. At all times material hereto, the Property consisted of 53,225 square feet of space.

5. The Property was improved by a showroom in which the Business Personal Property was displayed and offered for sale to Bay State's customers.

6. The Property had a loading dock from which the Business Personal Property was delivered to Bay State and, following a sale, was either delivered to or picked up by customers.

7. The showroom and loading dock were separated by swinging double-doors which, at all times material hereto, were continuously open such that employees and customers could walk freely to and from the showroom and loading dock.

8. At all times material hereto, the showroom was heated by a rooftop HVAC unit.

9. At all times material hereto, a Reznor unit heater was mounted to the ceiling in the loading dock in order to supplement the heat for that area of the Property.

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00423615.1}                     2

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

### B. The Policy

10. Pursuant to G.L. c. 175C, § 1, *et. seq.*, AmGuard issued a businessowners policy of insurance to Bay State, Policy No. BABP194324 (the "Policy"), on or about October 26, 2020. A true and accurate copy of the Policy is attached as Exhibit 1.

11. The Policy insured the Property, including the Business Personal Property contained therein, and covered the period from October 26, 2020 to October 26, 2021.

12. At all times material hereto, the Policy was in full force and effect.

13. In pertinent part, the Policy provides as follows:

**SECTION I – PROPERTY**

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

   **1. Covered Property**

   Covered Property includes Buildings as described under Paragraph a. below, Business Personal Property as described under Paragraph b. below, or both, depending on whether a Limit of Insurance is shown in the Declarations for that type of property. Regardless of whether coverage is shown in the Declarations for Buildings, Business Personal Property, or both, there is no coverage for property described under Paragraph 2. Property Not Covered.

   . . .

   **B. Exclusions**

     1. We will not pay for loss or damage caused directly or indirectly by any of The following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

{00423615.1}   3

>> These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.
>
> . . .
>
> **e. Frozen Plumbing**
>
>> Water, other liquids, powder or molten material that leaks or flows from plumbing, heating, air conditioning or other equipment (except fire protective systems) caused by or resulting from freezing, unless:
>>
>> **(1)** <u>You do your best to maintain heat in the building or structure</u>; or
>>
>> **(2)** You drain the equipment and shut off the supply if the heat is not maintained.

(bolding in original and underlining added) (the "Frozen Plumbing Exclusion").

14. The Policy neither defines "do your best" as used in the Frozen Plumbing Exclusion nor provides any examples of how this may be accomplished.

15. The Policy fails to define the word "maintain" as used in the Frozen Plumbing Exclusion.

16. The Policy does not require Bay State to maintain heat in each and every room or space within the building, but rather to maintain heat "in the building."

17. At all times material hereto, Bay State maintained heat "in the building" by using residual heat from the showroom (from which heat was allowed to travel freely and unimpededly to the loading dock[1]) plus using the heat generated by the ceiling mounted Reznor heating unit.

---

[1] This method of heating is known as cross heating.

{00423615.1}   4

18. At all times material hereto, the temperature for the Reznor heating unit was set at 50-60 degrees.

19. Cross heating from the showroom coupled with the heat provided by the Reznor heating unit constitute reasonable methods of maintaining heat in the building situated at the Property in order to prevent its pipes from freezing.

20. Without incident, Bay State successfully used the above-described cross-heating system as well as the heat provided by the Reznor heating unit in innumerable times of subfreezing temperatures prior to January 31, 2021.

21. Bay State's employees did not report feeling cold or suggest that any part of the building situated at the Property was either uncomfortable or inadequately heated, including but not limited to, the day before the loss (described below) was discovered when the heat operated without incident and was left on after work was completed for the day.

22. Bay State's customers did not report feeling cold or suggest that any part of the building situated at the Property was either uncomfortable or inadequately heated, including but not limited to, the day before the loss (described below) was discovered when the heat operated without incident.

### C. The Water Loss and AmGuard's Denial of Coverage

23. On January 31, 2021, the Property sustained significant water damage as a result of a frozen pipe in the loading dock area of the building situated on the Property (the "Water Loss").

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00423615.1}                      5

24. The area in which the Water Loss occurred serves a critically important function for Bay State as all of its merchandise was received in, and shipped from, that area, and a failure or inadequacy of heat in that area would have been immediately noticeable and/or detectable.

25. As a result of the Water Loss, Bay State sustained damages to its Business Personal Property in the replacement cost sum of $452,917.21. A copy of the inventory of damaged and undamaged Business Personal Property is attached as Exhibit 2.

26. Bay State timely notified AmGuard of the Water Loss and submitted a claim under the Policy for damages to its Business Personal Property.

27. As a result of the Water Loss, AirCare Environmental Services, Inc. invoiced the sum of $44,591.18 for mitigation services. A copy of the invoice prepared by AirCare Environmental Services, Inc. is attached as Exhibit 3.

28. On April 9, 2021, AmGuard notified Bay State that it denied liability under the Policy for the Water Loss on the grounds that Bay State purportedly (a) lacked an insurable interest in the Business Personal Property involved in the Water Loss, and (b) failed to "do its 'best to maintain heat' that would have prevented the water main freeze-up (and resulting fracture) and flooding of the premises" (the "Coverage Denial Letter"). A true and accurate copy of the Coverage Denial Letter is attached as Exhibit 4 and incorporated by reference.

29. On May 14, 2021, Bay State forwarded a coverage demand letter to AmGuard (the "Coverage Demand Letter"). A true and accurate copy of the Coverage Demand Letter is attached as Exhibit 5 and incorporated by reference.

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00423615.1}                    6

30. In the Coverage Demand Letter, Bay State demanded that AmGuard rescind its coverage denial and indemnify Bay State for its covered losses stemming from the Water Loss.

31. Despite demand, AmGuard has wrongfully failed, refused and neglected to afford coverage to Bay State under the Policy for its claims for damages thereunder.

32. At all times material hereto, Bay State acted reasonably and in good faith.

33. At all times material hereto, Bay State did its best to maintain heat in the building within the meaning and contemplation of the Policy.

34. AmGuard and Bay State agreed to waive the need to proceed to a reference proceeding pursuant to G.L. c. 175, § 100, *et. seq.*

### D. Bay State's Insurable Interest in the Business Personal Property

35. At all times material hereto, Bay State had a tangible, insurable interest in the Business Personal Property which it insured as it owned all of the Business Personal Property which was damaged by the Water Loss and is the lessee of the Property.

36. As lessee of the Property, Bay State pays the rent and telephone service.

37. Bay State and PAL Enterprises LLC d/b/a Sam's Furniture and Liquidation Outlet ("Sam's Furniture") share common ownership wherein Saher Abdel-Hadi is the sole owner/manager of both entities.

38. Bay State and Sam's Furniture are in the same business of furniture sales and both operate from the Property.

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00423615.1}           7

39. Bay State had a covered insurable interest in the business and Business Personal Property as it received a benefit from that property and suffered a loss by reason of its damage/destruction in the Water Loss.

40. AmGuard improperly denied coverage on the grounds that Bay State purportedly lacked an insurable interest in the Business Personal Property which was damaged/destroyed in the Water Loss.

## COUNT I
### (Declaratory Judgment)

41. Bay State incorporates by reference paragraphs 1 through 40 of the First Amended Complaint as if fully set forth herein.

42. An actual controversy within the jurisdiction of this Court exists with respect to the matters stated heretofore between Bay State and AmGuard.

43. At all times material hereto, Bay State has been, and continues to be, entitled to recover under the Policy for the damages to its Business Personal Property at the Property as a result of the Water Loss.

44. Bay State seeks declarations by this Court that (a) coverage is available under the Policy, under which AmGuard improperly and unlawfully denied coverage, and (b) AmGuard owes Bay State the sum of $452,917.21 (replacement cost value) for damages to its Business Personal Property at the Property plus $44,591.18 for the mitigation invoice as a result of the Water Loss.

WHEREFORE, the plaintiff, Bay State Heritage LLC d/b/a Greendale Furniture, requests that this Court declare, pursuant to G.L. c. 231A, that (a) coverage is available

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00423615.1} 8

under the Policy, under which AmGuard improperly and unlawfully denied coverage, and (b) AmGuard owes Bay State Heritage LLC d/b/a Greendale Furniture the sum of $452,917.21 (replacement cost value) for damages to its Business Personal Property situated within the Property plus $44,591.18 for the mitigation invoice as a result of the Water Loss.

## COUNT II
### (Breach of Contract)

45. Bay State incorporates by reference paragraphs 1 through 44 of the First Amended Complaint as if fully set forth herein.

46. AmGuard has materially breached the Policy by failing, refusing and neglecting to (a) afford coverage to Bay State under the Policy for the damages to the Business Personal Property situated within the Property as a result of the Water Loss, and (b) indemnify Bay State in the sum of $452,917.21 (replacement cost value) for damages to its Business Personal Property situated within the Property plus $44,591.18 for the mitigation invoice as a result of the Water Loss.

47. As a result of AmGuard's breach of the Policy, Bay State has suffered damages.

WHEREFORE, the plaintiff, Bay State Heritage LLC d/b/a Greendale Furniture, demands judgment against the defendant, AmGuard Insurance Company, in the full amount of its damages, plus interest, costs and attorney's fees.

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00423615.1}                9

## COUNT III
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

48. Bay State incorporates by reference paragraphs 1 through 47 of the First Amended Complaint as if fully set forth herein.

49. AmGuard's conduct, as heretofore described and incorporated herein, has the effect of destroying or injuring Bay State's contractual rights under the Policy and its rights to receive the benefits therefrom.

50. AmGuard's conduct, as heretofore described and incorporated herein, constitutes a breach of the implied covenant of good faith and fair dealing between Bay State and AmGuard.

51. As a result of AmGuard's breach of the implied covenant of good faith and fair dealing, Bay State has suffered damages.

WHEREFORE, the plaintiff, Bay State Heritage LLC d/b/a Greendale Furniture, demands judgment against the defendant, AmGuard Insurance Company, in the full amount of its damages, plus interest, costs and attorney's fees.

## COUNT IV
### (Promissory Estoppel)

52. Bay State incorporates by reference paragraphs 1 through 51 of the First Amended Complaint as if fully set forth herein.

53. AmGuard made representations to Bay State that it would issue a policy of insurance to Bay State which would indemnify it in the event that it was caused to sustain a water loss at the Property with the intent that Bay State would rely thereon.

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00423615.1}                                            10

54. Bay State reasonably relied on AmGuard's aforesaid representation in placing and paying for his insurance on the Property with AmGuard.

55. AmGuard has inexcusably and unjustifiably failed, refused and neglected to perform its obligations to indemnify Bay State.

56. AmGuard is estopped from refusing to fulfill its promises and contractual obligations to Bay State.

57. As a result of AmGuard's failure, refusal and neglect to perform its promises and contractual obligations to Bay State, all as described heretofore and incorporated herein, Bay State has suffered damages.

WHEREFORE, the plaintiff, Bay State Heritage LLC d/b/a Greendale Furniture, demands judgment against the defendant, AmGuard Insurance Company, in the full amount of its damages, plus interest, costs and attorney's fees.

## COUNT V
### (Equitable Estoppel)

58. Bay State incorporates by reference paragraphs 1 through 57 of the First Amended Complaint as if fully set forth herein.

59. By issuing the Policy to Bay State, AmGuard made representations to Bay State concerning the availability of coverage under the Policy in the event that it was caused to sustain a water loss at the Property.

60. Bay State reasonably relied on AmGuard's representations.

61. AmGuard has inexcusably and unjustifiably failed, refused and neglected to perform its obligations to (a) afford coverage to Bay State under the Policy for the

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00423615.1}                                11

damages to its Business Personal Property situated in the Property as a result of the Water Loss, and (b) indemnify Bay State in the sum of $452,917.21 (replacement cost value) for damages to its Business Personal Property contained within the Property plus $44,591.18 for the mitigation invoice as a result of the Water Loss.

62. AmGuard is equitably estopped from refusing to satisfy and honor representations it made to Bay State.

63. As a result of AmGuard's failure, refusal and neglect to satisfy its representations to Bay State, Bay State has suffered damages.

WHEREFORE, the plaintiff, Bay State Heritage LLC d/b/a Greendale Furniture, demands judgment against the defendant, AmGuard Insurance Company, in the full amount of its damages, plus interest, costs and attorney's fees.

### JURY DEMAND

The plaintiff, Bay State Heritage LLC d/b/a Greendale Furniture, claims a trial by jury on all counts so triable.

> BAY STATE HERITAGE LLC d/b/a
> GREENDALE FURNITURE,
> By its attorneys,
>
> /s/ Seth H. Hochbaum
>
> SETH H. HOCHBAUM - BBO NO. 568118
> TYLER O. CASEY – BBO NO. 681935
> REGNANTE STERIO LLP
> Edgewater Office Park
> 401 Edgewater Place, Suite 630
> Wakefield, MA 01880-6210
> (781) 246-2525

Dated: June 25, 2021

{00423615.1}

12

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210
TEL (781) 246-2525

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and accurate copy of the foregoing document, via email, upon David M. O'Connor, Esquire, O'Connor & Associates, LLC, 325 Boston Post Road, Sudbury, Massachusetts 01776 on this 25th day of June, 2021.

/s/ Seth H. Hochbaum

SETH H. HOCHBAUM - BBO NO. 568118
TYLER O. CASEY – BBO NO. 681935
REGNANTE STERIO LLP
Edgewater Office Park
401 Edgewater Place, Suite 630
Wakefield, MA 01880-6210
(781) 246-2525
shochbaum@regnante.com

REGNANTE STERIO LLP
ATTORNEYS AT LAW
EDGEWATER OFFICE PARK
401 EDGEWATER PLACE
SUITE 630
WAKEFIELD, MA 01880-6210

TEL (781) 246-2525

{00423615.1}